IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| West Michigan Debt Collection, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 04308 |
| | ) | |
| vs. | ) | |
| | ) | |
| Gerald H. Weber, Jr., et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the Weber Defendant's motion [59] to dismiss is granted in part and denied in part. The motion is denied as to Count I. The motion is denied as to Weber, Swenson, Patti, Joann, Wildcat and North Rock RE. The motion is granted as to Knutson, North Rock DP, Prairie, and First Boston and they are dismissed without prejudice. If plaintiff wishes to file an amended complaint as to the dismissed defendants, it shall do so on or before February 9, 2018.

## STATEMENT - OPINION

Plaintiff, West Michigan Debt Collections, Inc., a Michigan corporation with its principal place of business in Michigan, brings this action against defendants, Gerald H. Weber, Jr. ("Weber"), Ronald E. Swenson ("Swenson"), Patti Weber ("Patti"), Joann Swenson ("Joann"), Zachary Knutson ("Knutson"), Wildcat Capital Enterprises, LLC ("Wildcat"), North Rock Real Estate, LLC ("North Rock RE"), North Rock Development Partners, LLC ("North Rock DP"), First Boston Property Management Corporation ("First Boston"), Prairie Services, LLC ("Prairie"), HolmstromKennedy, P.C. ("Holmstrom") and McGreevy Williams, P.C. ("McGreevy") All defendants are citizens only of Illinois.[1] The amount in controversy exceeds $75,000. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

Plaintiff is the owner of a Michigan state-court judgment against Weber and Swenson. This action is an attempt to realize on that judgment under various theories against various

---

[1] Weber, Swenson, Patti, Joann and Knutson are each citizens of Illinois. Patti and Joann are the members of Wildcat. Patti, Joann and Knutson are the members of North Rock RE and North Rock DP. Weber and Swenson are the members of Prairie. First Boston is an Illinois corporation with its principal place of business in Illinois. Holmstrom and McGreevey are Illinois professional corporation with their principal places of business in Illinois.

1

parties. Plaintiff seeks to register and enforce the Michigan state-court judgment against Weber and Swenson (Count I). Plaintiff also asserts claims for fraudulent transfers (Count II & III), fraud (Count IV), civil conspiracy and aiding and abetting (Count V), and asks for a declaratory judgment declaring certain defendants to be the alter egos of Weber and Swenson and for the piercing of the corporate veil as to certain defendants (Count VI). Holmstrom [56] and McGreevy [62] move to dismiss counts II through V against them pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6).[2] Weber, Swenson, Patti, Joann, Knutson, North Rock RE, North Rock DP, First Boston, and Prairie (collectively, "Weber Defendants") move [59] to dismiss the entire case pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). Wildcat was given leave [72] to, and did, join the motion to dismiss filed by the Weber Defendants.

Count I seeks registration, recognition and enforcement of plaintiff's judgment against Weber and Swenson entered January 23, 2015 in the Circuit Court for the County of Delta, State of Michigan. While the Weber Defendants move to dismiss the entire case, they make no argument as to why Count I should be dismissed. Plaintiff is entitled to register its judgment against Weber and Swenson, 28 U.S.C. § 1963; G.E. Betz, Inc. V. Zee Co., Inc., 718 F.3d 615 (2013), and to enforce it. Fed. R. Civ. P. 69(a). Plaintiff need only file a certified copy of the judgment with the clerk of this court and the "judgment so registered shall have the same effect as a judgment" of this court. 28 U.S.C. § 1963. The Weber Defendant's motion is denied as to Count I.

PNC Equipment Finance, LLC ("PNC") obtained a judgment against Weber and Swenson in case number 11cv4922 in the United States District Court for the Northern District of Illinois, Eastern Division ("PNC Case"), in the amount of $25,546,359.87. Patti, Weber's wife, and Joann, Swenson's wife, formed Wildcat. Wildcat then purchased PNC's judgment against Weber and Swenson, along with all PNC's "right, title, liens, encumbrances and interest in" citations to discover assets issued in that case against Weber and Swenson. Wildcat, Weber and Swenson then entered an agreed turnover order ("ATO") transferring assets of Weber and Swenson to Wildcat and crediting Weber and Swenson the sum of $500,000 against the outstanding judgment. Wildcat also caused wage deduction orders ("WDOs") to be entered directing North Rock RE to deduct during each pay period 15% of Weber and Swenson's non-exempt gross compensation until the judgment plus interest and costs is paid in full to Wildcat. These wage deduction orders "have priority over any subsequent wage deduction order or lien except for Spouse/Child Support Orders or Liens."

The complaint alleges the ATO was entered to render Weber and Swenson insolvent for the purpose of making them appear uncollectible to their legitimate creditors. The ATO effectively diverted all non-exempt assets and income of Weber and Swenson to Wildcat in order to frustrate their creditors' ability to collect from them. Attached to plaintiff's response to the motions to dismiss of Holmstrom and McGreevy, are answers to wage deduction summonses served by plaintiff on Weber and Swenson in another pending proceeding in Illinois state court.

---

[2] The Holmstrom and McGreevy motions will be addressed in a separate order.

In those proceedings, plaintiff registered its judgment against Weber and Swenson. It then served wage deduction summonses on North Rock RE. The answers filed by North Rock RE show the prior WDOs entered in favor of Wildcat in the PNC Case. The answers show no available wages payable to plaintiff because of the prior WDOs.

The crux of plaintiff's complaint is that the actions described in the prior paragraphs were undertaken to "indefinitely frustrate the attempts of legitimate creditors from collecting" against Weber and Swenson. Plaintiff contends all of the defendants played some role in this scheme and that their actions were unlawful.

The Weber Defendants argue the complaint fails to meet the pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Weber Defendants contend the complaint does not allege fraud with sufficient particularity.

> What is required in the way of particularity in pleading fraud depends on the purpose of imposing such a heightened requirement of pleading—so at odds with the notice-pleading theory of the federal rules. The purpose is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual. In the typical commercial case there is a substantial interval between the filing of the complaint and the completion of enough pretrial discovery to enable the preparation and disposition of a motion by the defendant for summary judgment. Throughout that period a claim of fraud will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation. The requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless. It also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims.

Fidelity Nat'l Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 748-49 (7th Cir. 2005) (citations omitted).

A review of the complaint shows its allegations are sufficient against Weber, Swenson, Patti, Joann, Wildcat and North Rock RE to meet the purpose of Rule 9(b) as articulated in Fidelity. There is no mystery concerning what plaintiff is alleging. The complaint alleges Patti and Joann, at the instance of Weber and Swenson, set up Wildcat to buy PNC's judgment and use it as a means to hinder other creditors of Weber and Swenson from collecting from them. Plaintiff is such a creditor. Plaintiff alleges Wildcat is the alter ego of Weber and Swenson. Patti, Joann, and Knutson are the members of North Rock RE and North Rock DP and that both entities are, in fact, controlled by Weber and Swenson. The complaint alleges North Rock RE

3

employed Weber and Swenson and after processing the WDOs served on North Rock RE by Wildcat turned the funds withheld from Weber's and Swenson's paychecks pursuant to the WDOs back to Weber and Swenson.  The wage deduction checks made out to Wildcat were delivered to Weber and not deposited in Wildcat's account.  The controller of North Rock RE is alleged to have testified that she "takes nearly all of her instructions from Gerald Weber and Ronald Swenson" and regards them "as her bosses regarding North Rock RE and Wildcat despite the fact that they have no ownership interest in either entity."  The complaint alleges Weber testified that the creation of Wildcat accomplished "the intent of creating leverage to obtain lower settlements with [their] creditors."

These allegations give defendant enough information "to riposte swiftly and effectively if the claim is groundless." Id.  Nothing suggests the allegations advanced by plaintiff would be likely to place "undue pressure on the defendant[s] to settle the case."  The allegations of Weber's testimony about the intent behind the creation of Wildcat, to create leverage to induce lower settlements from creditors, shows defendants must reasonably have expected creditors to challenge the plan they put in place.  The plan itself is alleged to have been made to give defendants their own means of pressuring settlements.  The complaint sufficiently alleges transfers made by the debtor with actual intent to hinder delay or defraud creditors of the debtors and that Patti, Joann, Wildcat and North Rock RE are alter egos of Weber and Swenson.

The complaint alleges Knutson was the figurehead of North Rock RE and provided substantial assistance to Weber's and Swenson's scheme to shield assets from creditors.  It alleges he was paid $160,000 per year despite the fact Weber and Swenson made all meaningful decisions.  Knutson is alleged to have testified he had no idea how Patti and Joann became majority members of North Rock RE.  He is alleged not to control the company's financial decisions despite testifying he is the "boss".  These are the only allegations specific to Knutson.

These allegations are insufficient to state a plausible claim against Knutson.  They basically allege he was employed by North Rock RE, had no real authority, and did what he was told by Weber and Swenson.  There are no specific allegations he received any transfers of property or took any actions in furtherance of the plan to hinder creditors.

The complaint makes no specific allegations as to actions taken by North Rock DP or Prairie.  They are lumped together with all of the entities owned by Weber, Swenson, Patti, and Joann in allegations asserting a failure to observe corporate formalities, a sharing of office location, resources and employees without accounting for shared resources, and making inter-company transfers without reasonably equivalent value.  These allegations are too vague to allow these defendants to understand what actions they are alleged to have taken to injure plaintiff.

First Boston is alleged to receive fees from Wildcat without providing reasonably equivalent value.  It is alleged to be paid for property management services at Weber's and Swenson's direction and of consuming the labor and resources of North Rock RE without providing reasonably equivalent value.  It is alleged First Boston has no expenses and that North Rock RE people perform the services for First Boston.  These allegations fail to give First

4

Boston adequate notice of what it did to injure plaintiff. It is not clear how the described activities of First Boston harmed plaintiff. More is needed.

      For the foregoing reasons, the Weber Defendant's motion [59] to dismiss is granted in part and denied in part. The motion is denied as to Count I. The motion is denied as to Weber, Swenson, Patti, Joann, Wildcat and North Rock RE. The motion is granted as to Knutson, North Rock DP, Prairie, and First Boston and they are dismissed without prejudice. If plaintiff wishes to file an amended complaint as to the dismissed defendants, it shall do so on or before February 9, 2018.

Date: 1/17/2018                         ENTER:

                                                    United States District Court Judge

                                                          Electronic Notices (LC)